# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
UNITED STATES OF AMERICA    )
                            )
                            )   CR 218-056-1
v.                          )
                            )
WAYNE JORDAN,               )
                            )
    Defendant.              )
```

### ORDER

Before the Court is Defendant Wayne Jordan's motion for reconsideration of the Court's Order denying his motion for compassionate release, as well as his motion for leave to appeal *in forma pauperis*. Dkt. Nos. 450, 451. For the reasons set forth below, those motions are **DENIED**.

### BACKGROUND

On October 28, 2019, Defendant pleaded guilty to conspiracy to possess with intent to distribute, and to distribute, controlled substances, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C). Dkt. Nos. 306, 312, 415. On October 9, 2020, the Court sentenced Defendant to 235 months' imprisonment with the Bureau of Prisons, to be followed by three years of supervised release. Dkt. No. 415. Defendant did not appeal.

On July 11, 2022, Defendant filed a motion for compassionate release with the Court contending that his medical

conditions qualify him for compassionate release. Dkt. No. 440. The Government responded in opposition on July 25, 2022, dkt. no. 441, and the Court issued its Order denying the motion on August 16, 2022, dkt. no. 444. Therein, the Court concluded Defendant's medical conditions do not qualify as an extraordinary and compelling reason warranting compassionate release. Id. The Court noted Defendant refused the COVID-19 vaccine, further attenuating his argument that his medical conditions put him at an increased risk of serious illness from the virus. Id. Additionally, the Court went on to address the factors contained in 18 U.S.C. § 3553(a). The Court found the factors weigh in favor of Defendant serving the sentence imposed, in part because of Defendant's role in the underlying offense and the large amount of drugs attributed to him. Id.

On August 22, 2022, Defendant filed a motion requesting a thirty-day extension of time to file a reply to the Government's opposition brief. Dkt. No. 445. The Court denied the motion as moot, noting it had already ruled on Defendant's motion for compassionate release but inviting Defendant to file a motion for reconsideration if he chose to do so. Dkt. No. 446. Defendant filed a notice of appeal of the Court's Order on August 30, 2022. Dkt. No. 447. Then, on September 9, 2022 and September 14, 2022, respectively, Defendant filed a motion for

2

reconsideration of the Court's denial order and a motion for leave to appeal *in forma pauperis*. Dkt. Nos. 450, 451.

## JURISDICTION

In general, the filing of a notice of appeal divests the district court of jurisdiction "over those aspects of the case involved in the appeal." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 n.14 (11th Cir. 2010). "The general rule regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999). Because Defendant's appeal of the Court's Orders denying his motion for compassionate release remains pending before the Eleventh Circuit, this Court is without jurisdiction to consider his motion for reconsideration. See, e.g., United States v. Campbell, — F. Supp. 3d —, No. 6:06-CR-06105, 2020 WL 1958486, at *2 (W.D.N.Y. Apr. 21, 2020) ("Defendant[, in his motion for compassionate release,] is seeking a substantive modification to his sentence and this Court lacks the jurisdiction to grant this relief because of Defendant's pending appeal."). Yet, under Federal Rule of Criminal Procedure 37, this Court may still issue an indicative ruling in circumstances such as this. See id. at *2; United States v. Martin, No. 18-834, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

3

>Rule 37 provides:
>
>(a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The committee notes to Rule 37 explain, "In the criminal context, the Committee anticipates that Criminal Rule 37 will be used primarily if not exclusively for . . . motions under 18 U.S.C. § 3582(c)." See 18 U.S.C. § 3582 (committee notes on rules—211 Amendment). "[T]his rule allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal." Martin, 2020 WL 1819961, at *2.

Thus, while the Court does not have jurisdiction to consider Defendant's motion for reconsideration because of his pending appeal, the Court will issue an indicative ruling thereon pursuant to Rule 37.

### LEGAL AUTHORITY

"[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case." United States v. Vives, 546 F. App'x 902, 905 (11th Cir. 2013). Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases. See

4

United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010).

"In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59." United States v. Smith, No. CR115-063, 2020 WL 4368270, at *1 (S.D. Ga. July 30, 2020). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).

## DISCUSSION

### I. Motion for Reconsideration

Defendant challenges the Court's Order denying his motion for compassionate release in several ways. First, he argues he chose not to receive the COVID-19 vaccine for religious reasons. Dkt. No. 450 at 1. Second, he argues he was not a leader in the drug conspiracy for which he was convicted. Id. at 2. Finally, he challenges the quantity of drugs attributed to him at sentencing. Id. Defendant also appears to challenge information contained in the indictment and his presentence investigation report, which the Government relied upon in its opposition brief. Id. at 2-3; see also Dkt. No. 441.

In short, Defendant's arguments are unpersuasive. To begin, that Defendant chose not to receive the COVID-19 vaccine

5

for religious reasons is of no moment. Defendant's vaccination status aside, Defendant has failed to show that his medical conditions substantially diminish his ability to engage in self-care within his facility. See U.S.S.G. § 1B1.13, Application Note 1. Therefore, he has failed to show an extraordinary and compelling reason warranting compassionate release, and his motion fails.

Defendant's other arguments—that he was not a leader of the drug conspiracy and that he should not have been attributed with such a large drug quantity—go to the Court's analysis of the 18 U.S.C. § 3553(a) factors. Whether Defendant was in fact a leader of the drug conspiracy in which he was involved is a matter of semantics. There is no doubt Defendant played a substantial role in the underlying drug conspiracy. His current efforts to minimize his participation therein persuades the Court that he has not, in fact, taken responsibility for his unlawful conduct. Further, Defendant misunderstands the amount of drugs attributed to him at sentencing. He was attributed with 3,663 kilograms of *converted drug weight*. "The term 'Converted Drug Weight,' for purposes of [the Federal Sentencing Guidelines,] refers to a nominal reference designation that is used as a conversion factor in the Drug Conversion Tables . . . to determine the offense level for controlled substances that are not specifically referenced in the Drug Quantity Table or

when combining differing controlled substances." U.S.S.G. § 2D1.1, Notes to Drug Quantity Table, note K. Thus, his argument that "[t]here is no way possible that [he] could have been attributed 3,663 kilograms *of cocaine*" is off base. Dkt. No. 450 at 2 (emphasis added).

As the Court concluded in its previous Order, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the remainder of his sentence. Accordingly, Defendant's motion for reconsideration of the Court's Order denying his motion for compassionate release is **DENIED**.

## II. Motion for Leave to Appeal *In Forma Pauperis*

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). This Court may certify that an appeal by a party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed." Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Slaughter, 490 U.S. 319,

7

327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002).

Here, the Court finds Defendant's appeal is frivolous. In denying Defendant's motion for compassionate release, the Court examined Defendant's medical records and concluded that his medical conditions do not substantially diminish his ability to engage in self-care within his facility and, therefore, do not qualify as an extraordinary and compelling reason for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Further, out of an abundance of caution, the Court examined the § 3553(a) factors and concluded they overwhelmingly weigh in favor of Defendant serving the sentence imposed. The Court can only assume that, on appeal, Defendant will make the same arguments contained in his motion for reconsideration, which the Court has found are meritless. As such, the Court concludes Defendant's appeal is not taken in good faith and **DENIES** his motion for leave to proceed *in forma pauperis* on appeal.

## CONCLUSION

Pursuant to Federal Rule of Criminal Procedure 37, the Court **DENIES** both Defendant's motion for reconsideration, dkt.

no. 450, and his motion for leave to appeal *in forma pauperis*, dkt. no. 451.

**SO ORDERED**, this 5 day of October, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA